39 So.2d 718

**HAND v. HAND.**

No. 38941.

March 21, 1949.

Edward A. Generelly, of New Orleans, for plaintiff in Rule and appellant.

Richard A. Dowling, of New Orleans, for defendant in Rule and appellee.

FOURNET, Justice.

Peter Hand, from whom Mrs. Eunice Kernan Hand obtained a judgment of divorce on May 26, 1947, granting her custody of their minor child, Kernan Hand, and awarding her alimony for herself and child in the amount of $100 a month, filed a motion in Court on June 18, 1947, asking that this monthly amount be reduced to $50, claiming that his only income is $37.50 a week, less social security deductions. From a judgment reducing the alimony to $85 a month Hand prosecutes this appeal.

The evidence in the record reveals that although the appellant did testify that at the time he filed the motion for the reduction of the alimony he was only making $37.50 a week, less deductions, and that from that date until the trial of the motion, October 10, 1947, his only other income was an advance of $140 made by the Charbonnet Realty Company, his employment by that company being on a commission basis only and he having made no sales, he has real estate valued at $22,000, against which there is an outstanding mortgage of $12,000, and his gross income for 1946 was $9,797.44 with a net to him of

$7,604.41, while in 1945 it was $28,000. While the motion for the reduction of alimony was pending he sold a Cadillac automobile for $1,000 cash.

The record also shows that a little over a month after he filed the motion and while action thereon was pending, Hand contracted another marriage with Miss Josie Albano. She testified that in July of 1947 (about the time of the marriage) she purchased 15 shares of stock in the Charbonnet Realty Company for $1,500 cash (this is the company that advanced him $140 although he claims to be working for it on a commission basis and admittedly had made no sales) with money accumulated by her from cash gifts from her father which she kept in a bank box at the Whitney National Bank. When questioned about these gifts she was able to identify definitely only one such gift, i. e., a cash gift of $500 to her at Christmas in 1945, her testimony with respect to other cash gifts being rather vague. She also testified that her father gave her the 1947 Ford car she owned at the time. Her father was not called in corroboration of any part of this testimony.

In view of the foregoing, we cannot say the trial judge manifestly erred in fixing the alimony at $85 a month.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., takes no part.